# Supreme Court of Florida

_____

No. SC22-1557

_____

**WHITNEY BOAN,**

Petitioner,

vs.

**FLORIDA FIFTH DISTRICT COURT OF APPEAL JUDICIAL NOMINATING COMMISSION, et al.,**

Respondents.

_____

No. SC22-1558

_____

**GERALDINE F. THOMPSON, etc.,**

Petitioners,

vs.

**FLORIDA SIXTH DISTRICT COURT OF APPEAL JUDICIAL NOMINATING COMMISSION, et al.,**

Respondents.

_____

December 15, 2022

MUÑIZ, C.J.

When a judicial vacancy is to be filled by appointment, the

Florida Constitution requires a judicial nominating commission to

certify nominees for the governor's consideration. Here, in connection with pending judicial vacancies, two judicial nominating commissions certified nominees who did not at the time of their nominations reside in the territorial jurisdiction of the applicable court. The petitioners in these consolidated cases allege that the nomination of nonresident candidates violated the Florida Constitution and the commissions' own rules of procedure. As a remedy, the petitioners ask us to issue writs of quo warranto invalidating the nominations of the disputed candidates, leaving the Governor to make his appointments from among the remaining nominees. We deny the petitions.

I.

Through its enactment of chapter 2022-163, Laws of Florida, the Legislature created a new, sixth district court of appeal and made corresponding changes to the boundaries of the existing First, Second, and Fifth District Courts of Appeal. That same legislation also authorized several new judgeships, effective January 1, 2023, for the reconfigured Fifth District Court of Appeal and the new Sixth District Court of Appeal. To begin the process of filling those vacancies—four in the Fifth District and three in the Sixth

District—the Governor asked each district's judicial nominating commission to convene and to submit nominees for his consideration. *See* art. V, § 11(a), Fla. Const. ("Whenever a vacancy occurs in a judicial office to which election for retention applies, the governor shall fill the vacancy by appointing for a term . . . one of not fewer than three persons nor more than six persons nominated by the appropriate judicial nominating commission.").

The judicial nominating commissions completed their respective tasks in October of this year. It is undisputed that each commission's list of nominees included individuals who did not, at the time of nomination, reside in the territorial jurisdiction of the court of appointment. Two of the fifteen nominees for the Fifth District vacancies are nonresidents, as are four of the eighteen nominees for the Sixth District vacancies.

Roughly one month after the judicial nominating commissions certified their lists of nominees, Whitney S. Boan (as to the Fifth District) and Geraldine F. Thompson (as to the Sixth District) filed separate petitions in this Court seeking a writ of quo warranto directed to each judicial nominating commission. Each petition

names as a respondent the applicable judicial nominating commission and its chairman in his official capacity.

The petitioners allege that the inclusion of nonresidents on each commission's list of nominees violated the Florida Constitution and the commissions' rules of procedure. As relief, the petitioners ask this Court to declare that the nomination of nonresidents exceeded each commission's authority and to invalidate the disputed nominations, leaving the Governor to make his appointments from among the remaining nominees. We have consolidated the petitions because they raise identical legal arguments.

## II.

### A.

We begin with the threshold issues of jurisdiction and standing. Article V, section 3(b)(8) of the Florida Constitution gives this Court discretionary jurisdiction to issue writs of quo warranto "to state officers and state agencies." The writ of quo warranto "historically has been used to determine whether a state officer or agency has improperly exercised a power or right derived from the State." *Fla. House of Representatives v. Crist*, 999 So. 2d 601, 607

(Fla. 2008). These jurisdictional criteria are satisfied here: members of Florida's judicial nominating commissions are state officers; the governmental actions at issue—the commissions' certification of nonresident nominees to the Governor—are complete; and the petitions allege that the commissions' actions exceeded the authority granted by the Florida Constitution.

The respondents say that, because the Governor has yet to make his appointments from among the lists of nominees, the petitioners challenge only future action. According to the respondents, the petitioners here seek the equivalent of an (unauthorized) advisory opinion. That is incorrect. The challenged actions (the nomination of nonresident candidates) and the requested remedy (the invalidation of those nominations) are directed at the judicial nominating commissions, not at the Governor.

As to standing, we see a close analogy to cases where this Court has recognized "citizen and taxpayer" standing to challenge a governor's alleged noncompliance with constitutional provisions regulating the judicial appointment process. *See Thompson v. DeSantis*, 301 So. 3d 180 (Fla. 2020); *Pleus v. Crist*, 14 So. 3d 941

- 5 -

(Fla. 2009). Petitioners' claims are similar in kind, even if directed at a different actor in the constitution's appointment process. Assuming the correctness of our precedents on standing in quo warranto cases, we conclude that the petitioners' constitution-based allegations suffice to establish standing here. We note that, although the Sixth District's nominating commission contests the petitioners' standing, the commission did not take on the burden of establishing that our precedents in analogous cases are "clearly erroneous." *See State v. Poole*, 297 So. 3d 487, 507 (Fla. 2020) (explaining this Court's stare decisis criteria).

B.

Turning to the merits of the petitioners' constitutional claim, we emphasize at the outset that our focus must be on what the constitution does and does not *require* of a judicial nominating commission. It is not our role to sit in judgment of a commission's discretionary choices or to impose our own views of what nomination process would be most practical or efficient.

The judicial eligibility criterion at issue here is found in article V, section 8 of the Florida Constitution: "No person shall be eligible for office of justice or judge of any court unless the person . . .

resides in the territorial jurisdiction of the court." The petitioners maintain that this provision prevents a judicial nominating commission from nominating any candidate who does not reside in the territorial jurisdiction of the corresponding court at the time of nomination.

We disagree. First, the text of article V, section 8, on its face does not speak to the nomination process, and it does not explicitly contain the limitation urged by the petitioners. Second, article V, section 11, which specifies the judicial nominating commissions' role in the appointment process, also does not explicitly contain such a limitation. Instead, article V, section 11(d), mandates a separate nominating commission for each district court of appeal, without saying anything more specific about the commissions' duties; article V, section 11(a), says only that a commission must nominate "not fewer than three persons nor more than six persons" per vacancy; and article V, section 11(c), sets forth the deadlines within which the commissions must make their nominations. Finally, one cannot *infer* an "eligible at the time of nomination" requirement from any constitutional provision in isolation, from the structural relationship between article V, sections 8 and 11, or from

- 7 -

the relevant provisions' evident purpose.  *Cf. Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 (2002) ("[W]e will not presume that the statute means what it neither says nor fairly implies.").

Instead, we think that our holding in *Thompson v. DeSantis*, 301 So. 3d 180 (Fla. 2020), points to the correct resolution of the petitioners' constitutional claim.  *Thompson* involved a different article V, section 8, judicial eligibility requirement, namely, that a justice of the supreme court have been a member of the Florida Bar for the preceding ten years.  That case required us to consider the interaction of that requirement with the article V, section 11, requirement that the governor "fill [a] judicial vacancy" by making an appointment within 60 days of the certification of nominees. Reading the relevant provisions *in pari materia*, and seeking to give effect to each, we concluded that "the Bar eligibility requirement attaches at the time of appointment."  *Id.* at 185.  We said that our conclusion followed from the constitutional text's focus on the governor's obligation to "fill the vacancy" by making an appointment, an action which necessarily requires a constitutionally eligible nominee.

Consistent with our decision in *Thompson*, we hold that the article V, section 8, residency requirement likewise attaches at the time of appointment. Given that the constitution provides for a 60-day period between a commission's certification of nominations and the gubernatorial appointment deadline, and in the absence of clear textual direction to the contrary, we cannot say that the constitution imposes an "eligible at the time of nomination" requirement. Rather, we believe that the constitution leaves to the commissions' discretion whether to nominate only candidates who are residents at the time of nomination. In so holding, we note that the petitioners here do not allege that it would be impossible for any of the disputed nominees to satisfy the constitutional residency requirement by the appointment deadline.

### C.

That leaves us with the petitioners' claim that the judicial nominating commissions violated their own rules of procedure by nominating nonresident candidates. *See* art. V, § 11(d), Fla. Const. ("Uniform rules of procedure shall be established by the judicial nominating commissions at each level of the court system.")

The petitioners point to sections II, V, and VI of the Uniform Rules of Procedure for District Courts of Appeal Judicial Nominating Commissions. Section II says that the commission shall not classify an applicant as " 'most qualified' " unless "the commission affirmatively determines that the applicant meets all legal requirements for that judicial office." Section V says that "[n]o nominee shall be recommended to the governor for appointment unless the commission finds that the nominee meets all constitutional and statutory requirements." Section VI says that the commission shall select applicants "who meet all legal requirements for the judicial office." The petitioners emphasize that these provisions' consistent use of the present tense means that a commission may not nominate a nonresident candidate in the hope or expectation that he or she will become a resident before being appointed.

The respondents in turn maintain that they have not violated these rules. They also suggest that, in any event, it would be impermissible for rules of procedure to impose a nominee eligibility requirement more stringent than what the constitution demands.

Last, the respondents say that the petitioners' rule-based claim is not properly before this Court.

We need not and do not decide the merits of the petitioners' procedural-rule-based claim, because we conclude that the commissions' compliance with their procedural rules is not the proper subject of a quo warranto proceeding. For starters, the petitioners have not identified any precedent where this Court exercised its discretionary quo warranto jurisdiction to review a comparable procedural-rule-based claim. On the contrary, our precedents in this area consistently involved claims that official action exceeded limits imposed by the constitution or by a statute.

Just as important, the uniform procedural rules themselves indicate that alleged violations are to be evaluated and dealt with by the governor rather than by a court. Indeed, the rules give the governor the sole authority to decide whether a rule violation of the kind alleged here has occurred, and if so, what to do about it.

The relevant rule provisions are contained in Section IX, under the title "Misconduct." There the rules say: "A complaint alleging the misconduct of a judicial nominating commission chair and one or more commissioners of a judicial nominating commission shall

be reported in writing to the Governor for action." It further says: "The Governor shall investigate any complaint if the allegations are in writing, signed by the complainant, and deemed sufficient." Then: "A complaint is sufficient if the Governor determines that it contains allegations which if proven would be a violation of these rules or reflects discredit on the judicial selection process." And finally: "Upon determination of sufficiency each charge may be disposed of by the Governor solely, [subject to consultation with commission members uninvolved in the disposition or in the alleged misconduct.]" Whatever behavior one might intuitively associate with the label "misconduct," the text says that Section IX applies to all alleged rules violations, not just to ethics-related violations.

Given our quo warranto precedents and the rule provisions we have just described, we conclude that the petitioners' procedural-rule-based claim is not the proper subject of a quo warranto proceeding. In so holding, we reiterate that we take no position on whether the judicial nominating commissions here complied with their rules. Nor do we take up the respondents' argument that the constitution prohibits a procedural rule that disallows nominees who are nonresidents at the time of nomination. Finally, we note

that this portion of our analysis is limited to the petitioners' claim that is based solely on alleged noncompliance with the nominating commissions' procedural rules, which we distinguish from the petitioners' constitutional claim.

## III.

Consistent with our decision in *Thompson,* we hold that the constitutional residency requirement for judges attaches at the time of appointment—not at the time of nomination. Therefore, the respondent judicial nominating commissions did not exceed their constitutional authority by nominating nonresident candidates. We do not reach the merits of the petitioners' procedural-rule-based challenge to the disputed nominations, because alleged noncompliance with the nominating commissions' rules of procedure is not the proper subject of a quo warranto proceeding. The petitions are denied.

It is so ordered.

POLSTON and FRANCIS, JJ., and IVAN F. FERNANDEZ, Associate Justice, concur.
LABARGA, J., concurs in part and dissents in part with an opinion.
CANADY, COURIEL, and GROSSHANS, JJ., recused.

NO MOTION FOR REHEARING WILL BE ALLOWED.

LABARGA, J., concurring in part and dissenting in part.

I concur with the majority that under this Court's holding in *Thompson v. DeSantis*, 301 So. 3d 180 (Fla. 2020), the constitutional residency requirement attaches at the time of the governor's appointment. However, as to the petitioners' argument that the judicial nominating commissions violated their own rules in nominating nonresident candidates, I strongly disagree with the majority's analysis.

Like the petitioners' claim that the judicial nominating commissions violated the Florida Constitution, the petitioners' rules-based claim is properly before this Court. However, the majority concludes that the petitioners' rules-based claim is not appropriately considered in this quo warranto proceeding. The majority reaches this conclusion despite the fact that the rule-making authority of the judicial nominating commissions is derived from the Florida Constitution. Under article V, section 11(d) of the Florida Constitution, "[u]niform rules of procedure shall be established by the judicial nominating commissions at each level of the court system." This constitutional authority is essential to properly invoking this Court's quo warranto jurisdiction.

- 14 -

What is more, under the majority's interpretation of the Uniform Rules of Procedure for District Court of Appeal Judicial Nominating Commissions, the majority concludes that the petitioners' rules-based claim is properly brought before the governor and not this Court. This Court, in fact, has the constitutional authority under article V, section 11(d) to repeal all or part of those very rules: "Such rules, or any part thereof, may be repealed by general law enacted by a majority vote of the membership of each house of the legislature, *or by the supreme court, five justices concurring.*" (Emphasis added.) Surely then, this Court is the appropriate body to consider whether the respondent judicial nominating commissions violated their own rules.

Because the petitioners' claim properly falls under this Court's quo warranto jurisdiction, I cannot agree with the majority's interpretation on this issue. Thus, I dissent in part.

Original Proceeding – Quo Warranto

William R. Ponall and Eric J. Sorice of Ponall Law, Maitland, Florida; and Lisabeth J. Fryer and Laura Cepero of Lisabeth J. Fryer, P.A., Sanford, Florida,

    for Petitioners, Whitney Boan, and Geraldine F. Thompson, in her Official Capacity as a Senator in the Florida Senate

Kenneth B. Bell of Gunster, Yoakley & Stewart, P.A., Tallahassee, Florida, and Joseph W. Jacquot of Gunster, Yoakley & Stewart, P.A., Jacksonville, Florida,

>   for Respondents, Florida Fifth District Court of Appeal Judicial Nominating Commission, et al.

Mayanne Downs and Jason A. Zimmerman of GrayRobinson, P.A, Orlando, Florida; and Michael A. Sasso of Sasso & Sasso, P.A., Winter Park, Florida,

>   for Respondents, Florida Sixth District Court of Appeal Judicial Nominating Commission, et al.